# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BANKERS HOME WARRANTY
ASSOCIATION, INC., a Florida corporation,
and BANKERS INSURANCE GROUP, INC.,
a Florida corporation

    Plaintiffs,

v.                                                    Case No: 8:20-cv-720-T-02AEP

CENTRICITY SALES, INC.,
a Minnesota corporation

    Defendant.

_____/

## ORDER DENYING
## DEFENDANTS' MOTIONS TO DISMISS

    This matter comes to the Court on Defendant Centricity Sales, Inc.'s, Motion to Dismiss, Dkt. 16, Plaintiffs Bankers Home Warranty Association, Inc. and Bankers Insurance Group, Inc.'s Complaint. Dkt. 1. Plaintiffs filed a response. Dkt. 21. With the benefit of full briefing, the Court denies the Defendant's Motion to Dismiss.

## Legal Standard

    On a motion to dismiss for lack of personal jurisdiction under Federal Rules of Civil Procedure Rule 12(b)(2), the plaintiff has the burden of establishing a prima facie case of jurisdiction over a non-resident defendant. *Meier ex rel. Meier*

*v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002). A defendant may submit affidavits to rebut the plaintiff's prima facie case and the plaintiff may in turn submit their own in support of jurisdiction. *Id.* But "[w]here the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Id.* (internal citation omitted).

Personal jurisdiction over a nonresident defendant is established by determining 1) whether personal jurisdiction exists under Florida's long-arm statute and 2) whether the exercise of that jurisdiction would violate the Due Process Clause of the Fourteenth Amendment. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). Florida's long-arm statute allows for specific personal jurisdiction over a nonresident defendant when it commits a tortious act in Florida or when it commits a tortious act elsewhere that causes injury within Florida. *Louis Vuitton*, 736 F.3d at 1352; Fla. Stat. § 48.193(1)(a)(2). Once personal jurisdiction is established, courts analyze the issue of due process by examining: 1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum state; 2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and 3)

whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." *Louis Vuitton*, 736 F.3d at 1355.

## Discussion

Plaintiffs are Florida corporations alleging that Defendant has engaged in unfair competition by infringing, and continuing to infringe, Plaintiffs' federally-registered "CENTRICITY®" trademark and that they have been harmed as a result. Dkt. 1 at 7-8. Plaintiffs bring this action under the federal Lanham Act, 15 U.S.C §§ 1114, 1116, 1117, and 1125. Dkt. 1 at 7-8.

Defendant is a Minnesota corporation, primarily operating in Minnesota and the upper Midwest, that provides remote and in-store sales services. Dkt. 16 at 2. Since operating under the name Centricity, Defendant has conducted 650 man-hours of work in Florida with 125,000 man-hours in total. *Id.* at 6. 450 of the 650 Florida man-hours have been conducted by independent contractors not directly bearing the Centricity name. *Id.* Defendant nevertheless operates a website (www.centricitysales.com) advertising itself under the Centricity name that is accessible in Florida. Dkt. 21 at 4. Plaintiffs allege that such efforts are aimed at a common customer base as evidenced by a similarity in logos and at least one common customer. Dkt. 1 at 9; Dkt. 21 at 5.

Florida's long-arm statute applies to Defendant. Defendant has confirmed 650 man-hours of sales services in Florida under the name "Centricity." Dkt. 16 at

6. Defendant conflates the requirements of general and specific personal jurisdiction in an attempt to argue that 650 hours of allegedly tortious action in Florida is insufficient for establishing personal jurisdiction because it represents one half of one percent of its total man-hours. Dkt. 16 at 3, 6. But this argument fails. Florida's long-arm statute provides for specific personal jurisdiction over a nonresident defendant for committing a tortious act within Florida regardless of the amount of contacts with Florida as a whole. *See 3Lions Pub'g, Inc. v. Interactive Media Corp.*, 389 F. Supp. 3d 1031, 1037 (M.D. Fla. 2019). Moreover, even if Defendant's physical in-state activity is insufficient, "federal district courts . . . have held that trademark infringement occurs in Florida for the purposes of the long-arm statute when the trademark owner resides there." *JCS Indust., LLC v. DesignStein, LLC*, 2019 WL 5391192, *5 (M.D. Fla. Oct. 22, 2019).

    The next issue is whether exercising personal jurisdiction over Defendant would violate the Due Process Clause of the Fourteenth Amendment. *Louis Vuitton*, 736 F.3d at 1350. Due process is not violated by exercising jurisdiction here. Intentional torts create a "substantial connection" with the forum state such that the tortious acts may support the exercise of jurisdiction over a nonresident defendant who has no other contacts with the forum state. *3Lions Pub'g*, 389 F. Supp. 3d at 1039. Further, it is problematic for Defendant to argue against purposeful availment when it has conducted 650 man-hours of business in Florida

4

without once turning down Florida business. Dkt. 21 at 7. This is especially true under the "effects test" which provides that a single tortious act in Florida can establish purposeful availment. *Louis Vuitton*, 736 F.3d at 1356-57. Finally, fair play and substantial justice are not an issue. *See Louis Vuitton*, 736 F.3d at 1358. Defendant is a sophisticated entity that works with highly profitable companies, Florida has an interest in protecting its in-state businesses, and the judicial system has an interest in resolving legitimate trademark infringement claims. Dkt. 16 at 2.

Plaintiffs have therefore demonstrated both the applicability of Florida's long-arm statute and the inapplicability of due process concerns to Defendant. As a result, this Court has personal jurisdiction.

## Conclusion

The Court denies Defendant's Motion to Dismiss, Dkt. 16. Defendant shall file their answer and defenses within fourteen (14) days.

**DONE AND ORDERED** at Tampa, Florida, on June 3, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record